UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSEPH SHERMAN, individually and on behalf of himself all others similarly situated,  ) ) ) | |
| Plaintiff,  ) ) | Case No. 20-cv-1185 |
| v.  ) ) | |
| BRANDT INDUSTRIES USA LTD.,  ) ) | |
| Defendant.  ) | |

**MOTION TO DISMISS/MOTION TO STRIKE**

Defendant BRANDT INDUSTRIES USA, LTD., by its attorneys, Davis & Campbell L.L.C., hereby moves to dismiss Plaintiff's First Amended Class Action Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, with respect to Plaintiff's claim for monetary damages in Counts I and II, Defendant moves to strike such claims under Rule 12(f). In support of this Motion, Defendant states as follows:

1.      On or about May 18, 2020, Plaintiff filed his First Amended Class Action Complaint (the "Amended Complaint), which purports to allege two (2) violations under the Illinois Biometric Information Privacy Act ("BIPA"). (ECF Doc. 4).

**Grounds for Dismissal of Count I**

2.      Rule 12(b)(1) provides that a party may assert the defense, by motion, of lack of subject-matter jurisdiction. F.R.C.P. 12(b)(1).

3.      Count I purports to present a claim under Section 15(a) of BIPA, which requires an entity in possession of biometric information as defined in the Act to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying" such information.

4.      The Seventh Circuit Court of Appeals has ruled that a plaintiff does not have federal court standing under Article III of the Constitution to present a claim under the "failure to develop a policy" provisions of BIPA.  *Bryant v. Compass Group USA , Inc*. 958 F.3d 617, 626 (7th Cir. 2020).  Therefore, Plaintiff's claims regarding Defendant's alleged failure to develop a policy pursuant to BIPA should be dismissed under Rule 12(b)(1).

5.      Section 15(a) of the Act also requires an entity which has developed a written policy under the Act to "comply with its established retention schedule and destruction guidelines."

6.      Plaintiff has alleged that Defendant failed to develop the required policy under Section 15(a). (ECF Doc. 4, Para. 54)  Without the existence of such a policy, it is not plausible (and Plaintiff has not pled) any alleged "failure to comply" violations of BIPA. Therefore, Count I of Plaintiff's Amended Complaint (ECF Doc. 4) also fails to state a claim upon which relief may be granted and should be dismissed in its entirety, pursuant to Rule 12(b)(6).

7.      In addition, although Plaintiff requests a remedy of $1,000 "for each negligent violation of BIPA" pursuant to Section 20(1) of the Act in Count I, (ECF Doc. 4, Para. 55) the Amended Complaint contains no factual allegations whatsoever of alleged negligent conduct of Defendant.   Accordingly, the claim for negligence damages under Count I  should be dismissed and/or stricken.

8.      In addition, although Plaintiff requests a remedy of $5,000 "for each intentional and/or reckless violation of BIPA" pursuant to Section 20(2) of the Act in Count I (ECF Doc. 4, Para. 55)   the Amended Complaint contains no factual allegations whatsoever of alleged intentional and/or reckless conduct of Defendant.   Accordingly, the claim for intentional and/or reckless damages under Count I should be dismissed and/or stricken.

9.      In addition, Plaintiff's claims for monetary damages under Section 15(a) of BIPA are preempted by the exclusive remedy provisions of the Illinois Worker Compensation Act, 820 ILCS §§ 305/1 et seq.  Accordingly, the claims for monetary damages under Count I   should be dismissed and/or stricken.

## Grounds for Dismissal of Count II

10.      Although Plaintiff requests a remedy of $1,000 "for each negligent violation of BIPA" pursuant to Section 20(1) of the Act in Count II (ECF Doc. 4, Para. 65), the Amended Complaint contains no factual allegations whatsoever of alleged negligent conduct of Defendant. Accordingly, the claim for negligence damages under Count II should be dismissed and/or stricken.

10.      In addition, although Plaintiff requests a remedy of $5,000 "for each intentional and/or reckless violation of BIPA" pursuant to Section 20(1) of the Act in Count II (ECF Doc. 4, Para. 65), the Amended Complaint contains no factual allegations whatsoever of alleged intentional and/or reckless conduct of Defendant.   Accordingly, the claim for intentional and/or reckless damages under Count II should be dismissed and/or stricken.

11.      In addition, Plaintiff's claims in Count II for monetary damages under Section 15(a) of BIPA are preempted by the exclusive remedy provisions of the Illinois Worker Compensation Act, 820 ILCS 305/1 et seq.  Accordingly, any claims for monetary damages under Count II should be dismissed and/or stricken.

Pursuant to Local Rule7.1(B), Defendant has filed a Memorandum of Law in support of this Motion, which is incorporated by reference.

Pursuant to Local Rule 7.1(A)(2), Defendant requests oral argument on this Motion because of the number and complexity of the grounds raised in it.

WHEREFORE, Defendant respectfully requests this honorable Court enter an order:

1. Dismissing the "failure to develop a policy" allegations of Count I of Plaintiff's First Amended Class Action Complaint for lack of standing.

2. Dismissing the "failure to comply" allegations of Count I of Plaintiff's First Amended Class Action Complaint under Rule 12(b)(6).

3. Dismissing and/or striking the requests for monetary relief of $1,000 per alleged violation under the Act under Counts I and II due to failure to allege any negligent conduct on the part of Defendant and failure to state a plausible claim.

4. Dismissing and/or striking the requests for monetary relief of $5,000 per alleged violation under the Act under Counts I and II due to failure to allege any intentional and/or reckless conduct on the part of Defendant and failure to state a plausible claim.

5. Dismissing and/or striking Plaintiff's monetary claims for damages under Counts I and II due to the exclusive remedy provisions of the Illinois Workers Compensation Act.

Dated: July 23, 2020

Respectfully submitted,
BRANDT INDUSTRIES USA, LTD., Defendant

By: /s/  Keith J. Braskich
        Keith J. Braskich
        David G. Lubben
        DAVIS & CAMPBELL L.L.C.
        401 Main Street, Suite 1600
        Peoria, Illinois 61602
        Phone: (309) 673-1681
        Fax: (309) 673-1690
        kjbraskich@dcamplaw.com
        dglubben@dcamplaw.com
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2020, a true and correct copy of the foregoing MOTION TO DISMISS/MOTION TO STRIKE was served via the Court's Electronic Case Filing System and by e-mail upon the following attorney of record:

Keith J. Keogh
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
keith@keoghlaw.com
Attorney for Plaintiff and the Putative Class

/s/  Keith J. Braskich
Keith J. Braskich
David G. Lubben
DAVIS & CAMPBELL L.L.C.
401 Main Street, Suite 1600
Peoria, Illinois 61602
Phone: (309) 673-1681
Fax: (309) 673-1690
kjbraskich@dcamplaw.com
dglubben@dcamplaw.com
Attorneys for Defendant