E-FILED
Thursday, 03 February, 2022  04:44:12 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

### I.     PREAMBLE

1.      This Settlement Agreement is made and entered into as of the dates of Execution set forth below, by and among (1) Plaintiff Joseph Sherman individually and on behalf of the Settlement Class, (2) Settlement Class Members, (3) Brandt Industries USA LTD.

### II.     DEFINITIONS

1.      "*Action*" means the pending action styled *Sherman, individually and on behalf of all others similarly situated v. Brandt Industries USA LTD,* in the United States District Court for the Northern District of Illinois, Case No. 2020-cv-1185.

2.      "*Agreement*" means this Settlement Agreement and Release.

3.      "*Attorneys' Fees and Litigation Expenses*" means the attorneys' fees and litigation expenses to be requested by Class Counsel subject to Court approval in accordance with this Agreement to be paid out of the "Settlement Funds."

4.      "*CAFA Notice*" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

5.      "*Claimant*" means any Settlement Class Member who does not timely opt out of the Settlement.

6.      "*Class Counsel*" means Keith J. Keogh and Gregg M. Barbakoff of Keogh Law, Ltd.

7.      "*Class List*" means the list of approximately 240 Settlement Class Members, which Defendant shall produce to Settlement Administrator within seven (7) days of the entry of the Preliminary Approval Order, along with the Settlement Class Members' full names, last known U.S. mailing address, and social security number in order to provide 1099s to the class members.

9.      "*Class Period*" means the period from May 11, 2015 through the date of preliminary approval.

10.     "*Court*" means the United States District Court for the Central District of Illinois.

11.     "*Defendant*" means Brandt Industries USA LTD.

12.     "*Execution*" means the signing of this Agreement by all signatories hereto.

13.     "*Final Approval Hearing*" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel and the amount of any Settlement Class Representative Incentive Payment. Plaintiff shall request that the Court schedule the Final Approval Hearing no sooner than one hundred (100) days following the entry of the Preliminary Approval Order.

14.    "*Final Approval Order*" means the final judgment and order of dismissal approving the Settlement and dismissing the Action with prejudice. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

15.    "*Notice*" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement, substantially in the form attached hereto as <u>Exhibit 1</u>.

16.    "*Notice and Administration Costs*" means any and all costs associated with Settlement administration by the Settlement Administrator, including, but not limited to, mailing costs, printing costs, taxes and tax-related expenses incurred by or in connection with handling the Settlement Funds, all costs of providing notice to the Settlement Class, costs for creating the Notice, and any different or additional notice that might be ordered by the Court and any other costs associated with administering the Settlement. Class Counsel estimates that no more than $10,000 should be necessary for the Notice and Administration Costs. Any additional costs, if any will not be paid by Brandt.

17.    "*Notice Deadline*" means the date the Court sets for Notice to be provided to the Settlement Class in accordance with the Agreement.  The Parties agree to propose that the Notice Deadline will be 14 days following the entry of the Preliminary Approval Order, unless extended by the Court.

18.    "*Opt-Out Request*" means a request by a Settlement Class Member to exclude himself or herself from the Settlement Class using the procedures set forth in this Agreement.

19.    "*Opt-Out/Objection Period*" means the period that begins the day after the earliest date on which the Notice is first sent, and ends sixty (60) days after mailing of the Notices to putative class members, or such other date as the Court determines. The deadline for the Opt-Out Period and Objection Period will be specified in the Notice.

20.     "*Parties*" means Joseph Sherman and Brandt Industries USA LTD.

21.    "*Plaintiff*" means Joseph Sherman.

22.    "*Preliminary Approval Order*" means the order certifying the Settlement Class and preliminarily approving the Settlement, which the parties agreed to propose in the form attached as <u>Exhibit 2</u>. "Preliminary Approval" occurs on the date the Court enters the Preliminary Approval Order.

23.    "*Release*" means the release contained in this Agreement.

24.    "*Released Claims*" means all claims to be released as set forth in the Release.

25.    "*Released Parties*" means and refers to Brandt Industries USA LTD  and its past, present and future, direct and  indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors and trustees. Released Parties includes the temporary staffing agencies that assigned employees to

work at Brandt Industries USA Ltd., but solely with respect to the alleged acts or omissions that occurred while those employees worked at Brandt Industries USA Ltd.  Thus, Released Parties shall not include any such temporary staffing agency that assigned employees to work for other entities where any allegedly unlawful conduct occurred, regardless of whether that staffing agency previously or subsequently assigned those employees to work at Brandt Industries, USA Ltd.

Released Parties shall not include any entity that manufactured, sold, or otherwise provided Brandt Industries USA LTD with any finger-scan or hand-scan technology, or any portion thereof, even if such an entity would fall within this definition.  This exclusion includes, but is not limited to, Kronos Incorporated and/or any of Kronos's predecessors or successors-in-interest, such as UKG Incorporated.

26.     "*Releasing Settlement Class Members*" means Plaintiff and all Settlement Class Members, other than those who submit timely and proper Out-Out Requests, and each of their respective executors, representatives, heirs, spouse, partners, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, agents, attorneys, and all those who claim through them or on their behalf.

27.     "*Settlement*" means the compromise and settlement of the Action as contemplated by this Agreement.

28.     "*Settlement Administrator*" means American Legal Claim Services, LLC, subject to approval by the Court.  The Settlement Administrator shall be responsible for providing the class Notice as well as the services related to administration of the Settlement that are addressed and defined herein.

29.     "*Settlement Award*" means a non-wage cash payment that may be available to eligible Settlement Class Members who do not timely opt-out of the Settlement. Settlement Class Members shall be solely responsible for any and all taxes relating to the Settlement Awards.

30.     "*Settlement Class*" means the individuals defined and identified as follows:

The 240 individuals employed by Defendant Brandt Industries USA LTD and any other related entities in the State of Illinois and/or assigned to work at the Illinois facility of Brandt Industries USA Ltd. by temporary staffing agencies, who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., during the statutory period through the date of preliminary approval.

The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

31.     "*Settlement Class Members*" means the Settlement Class Representative and all members of the Settlement Class, which is estimated to be 240 persons.

3

32.    "*Settlement Class Representative*" means Joseph Sherman, who is the Plaintiff in the Action, and who is also the person who Class Counsel shall request to be appointed by the Court as Class Representative for purposes of the Settlement Class.  Plaintiff is also a member of the Settlement Class.

33.    "*Settlement Class Representative Incentive Payment*" means the additional amount Plaintiff may request he be paid as Settlement Class Representative under this Agreement.

34.    "*Settlement Effective Date*" means the business day after the following occurrences:

A.  Expiration of the date to appeal entry of the Final Approval Order with no appeal or other judicial review having been taken or sought unless there are no objectors in which case the Settlement Effective date will be 7 business days after the Final Approval Order is entered; or

B.  If an appeal or other judicial review has been taken or sought on this Action, the latest of: (i) the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Approval Order is entered by the District Court after remand and the time to appeal or seek other judicial review of the entry of that Final Approval Order has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

35.    "*Settlement Costs*" means all costs incurred by Plaintiff, Class Counsel, and the Settlement Administrator in connection with the Action, including but not limited to (i) the Attorneys' Fees and Litigation Expenses approved by the Court; (ii) any Settlement Class Representative Incentive Payment approved by the Court; (iii) Notice and Administration Costs; and (iv) the fees, expenses, and all other costs of the Settlement Administrator.

36.    "*Settlement Funds*" means the $250,000.00 to be provided by Defendant pursuant to this Agreement, for purposes of paying Approved Claims and Settlement Costs, as the foregoing are defined herein.

37.    "*Settlement Website*" means the website created and managed by the Settlement Administrator which will provide Settlement Class Members with access to the Notice, the online Claim Form, and other information regarding the Settlement. The parties agree that the following URL will be used BIUSAbiometricsettlement.com.  The parties agree that the URL will not include Brandt's name.

38.    "*Website Notice*" means the long form notice provided pursuant to this Agreement, substantially in the form attached hereto as <u>Exhibit 3</u>.  The Website Notice will be posted on the "Settlement Website."

Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

4

122906

## III.   RECITALS

1.     Plaintiff filed the Action on behalf of himself and on behalf of the putative class alleging that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq.

2.     On September 15, 2020, the district court granted Defendant's motion to stay this case pursuant to a pending appeal.

3.      On October 7, 2020, the district court granted Plaintiff's motion to lift the stay.

4.     On October 11, 2020, the district court entered a memorandum opinion and order denying Defendants motion to dismiss, and directed Plaintiff move for class certification by December 7, 2020.

5.     On December 21, 2020, after receiving an agreed extension, Plaintiff filed his motion for class certification.

6.     On January 6, 2021, the district court stayed the briefing on the motion for class certification to facilitate the Parties' settlement efforts.

7.     On March 17, 2021, the Court denied Defendants' motion to stay this case pursuant to various pending appeals.

8.     On April 1, 2021, the district court struck the pending motion for class certification with leave to refile at the conclusion of class discovery.

9.     On November 22, 2021, following months of extensive fact discovery and related motion practice, the Parties were able to reach a settlement in principle.

10.     Plaintiff and Class Counsel believe this Action is meritorious. Class Counsel thoroughly investigated the case and diligently pursued Plaintiff's and the Settlement Class Members' claims against Defendant, including, but not limited to: (i) conducting written discovery; (ii) briefing the motion to stay; (iii) obtaining and analyzing relevant documents and class data; (iv) researching the applicable law and the potential defenses; and (v) briefing the motion to dismiss.  Based on their full, independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses raised by Defendant, class certification risk, summary judgment risk, the risk associated with potential changes in the applicable law, trial risk and appellate risk.

11.     Defendant denies any liability or wrongdoing of any kind associated with the claims alleged, and assert their actions comply with all applicable provisions of federal and state law, that in any event they are not liable for any of the claims asserted. Defendant also continues to assert the Action fails to meet the prerequisites necessary for class action treatment under applicable law but, despite this belief, they will not oppose certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Defendant do not waive their objections to certification of the Settlement Class.

122906

12.     The parties contemplate that entry of the Final Approval Order shall dismiss with prejudice Plaintiff's and the Settlement Class Members claims against Defendant and the Released Parties, with the exception of claims of Settlement Class Members who properly exclude themselves from the Settlement, if any, in accordance with the Opt-Out Process described in Section IX of this Agreement. Defendant shall retain all applicable defenses to such excluded claims. The Parties agree to cooperate in good faith and take all steps reasonable and appropriate to obtain preliminary and final approval of this Settlement, and to effectuate its terms.

13.     Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

## IV.   CERTIFICATION OF THE SETTLEMENT CLASS

1.     The Settlement contemplates Plaintiff will move for an order granting certification of the Settlement Class. The Parties agree certification of the Settlement Class is conditional and for settlement purposes only.  This Settlement further contemplates, and all counsel, Parties and Released Parties agree that none of the Released Parties are admitting that class certification is appropriate, or that any violation of any state, federal or local statute or common law occurred, or that any damages were suffered by Plaintiff or any putative class member.  The Released Parties retain their rights to object to certification of this Action, or any other class action, should the Settlement ultimately not receive final approval.

2.     If the Court does not grant final approval of the Settlement, or if final approval is granted but ultimately reversed on appeal, or if the Settlement Effective Date does not occur, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and each Party, and Released Party, shall retain all of their respective rights as they existed prior to Execution of this Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, may be admissible or used for any purpose in this Action, or any other action against any of the Released Parties. Certification of the Settlement Class for settlement purposes is in no way an admission by the Released Parties that class certification is proper.

## V.     SETTLEMENT CLASS

1.     The 240 individuals employed by Defendant Brandt Industries USA LTD and any other related entities in the State of Illinois, and/or assigned to work at the Illinois facility of Brandt Industries USA Ltd. by temporary staffing agencies, who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., during the statutory period through the date of preliminary approval.

The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

## VI.     TERMS OF SETTLEMENT

6

1.      ***Settlement Fund.***  Subject to the other terms and conditions of this Agreement, and subject to Court approval, within seven business days (7) days of the entry of a Final Approval Order and receipt of Settlement Administrator instructions and a Form W-9 for the Settlement Administrator, Defendant agrees to pay total Settlement Funds of up to TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00) minus any funds previously advanced for Notice and Administration Costs. These Settlement Funds will be used to pay Settlement Class Members,  Settlement Costs, and Attorney Fees and Litigation Expenses as described in this Agreement. Settlement Class Members who do not opt out will be eligible for a pro rata share of the balance of the Settlement Fund after Court approved Settlement Costs, and Attorney Fees and Litigation Expenses are paid. The Settlement contemplates the Settlement Funds shall be used to pay Approved Claims and Settlement Costs, except as provided below. The Settlement Funds will be used to satisfy all claims of Plaintiff and the Settlement Class Members in exchange for the comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Action with prejudice.

2.      ***Notice and Administration Costs.***  Notice and Administration Costs shall not exceed $10,000 and shall be advanced in this amount by Defendants within seven (7) days after Preliminary Approval is entered and credited against the total amount required to create the Settlement Fund.  Brandt is not obligated to pay any additional amounts in Administration Costs beyond $10,000 and its overall obligation remains limited to the $250,000 Settlement Fund.  The Parties shall be jointly responsible for supervising the Settlement Administrator.

3.      ***Attorneys' Fees and Litigation Expenses.***  Attorneys' Fees and Litigation Expenses approved by the Court shall be paid from the Settlement Funds, and from no other source. Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Litigation Expenses. The Settlement Administrator shall pay to Class Counsel the amount of the Attorneys' Fees and Litigation Expenses awarded by the Court, as directed by Class Counsel. In the event the Court does not approve the award of Attorneys' Fees and Litigation Expenses requested by Class Counsel, or the Court awards Attorneys' Fees and Litigation Expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement. Plaintiff and Class Counsel retain their right to appeal any decision by the Court regarding the award of Attorneys' Fees and Litigation Expenses.

4.      ***Settlement Class Representative Incentive Payment.***  Any Settlement Class Representative Incentive Payment shall be paid from the Settlement Funds, and from no other source. Plaintiff may apply to the Court for a Settlement Class Representative Incentive Payment for the Settlement Class Representative (in addition to any *pro rata* distribution he may receive under this Agreement). The Settlement Administrator shall pay Plaintiff, c/o Class Counsel, the amount of incentive payment awarded by the Court. The denial by the Court of any such application shall not affect the validity and enforceability of the Settlement. Plaintiff retains his right to appeal any decision by the Court regarding the application.

5.      ***Settlement Award to Settlement Class Members.***  The Settlement Administrator will manage the notice process in cooperation with Class Counsel and Defendant, and in accordance with this Agreement. All Settlement Class Members who do not opt-out shall be paid by check a *pro rata* share of the Settlement Funds after Settlement Costs are deducted.

122906

## VII. NOTICE TO THE CLASS

1.  Within seven (7) days of the Court's entry of the Preliminary Approval Order, Defendant shall produce the Class List to Settlement Administrator.

2.  The Settlement Administrator shall implement the notice program, as set forth in this Section and directed by the Court. The Settlement Administrator shall, by the Notice Deadline, provide:

> A. ***Notice***. The Class Administrator shall provide direct notice via U.S. First Class Mail to each Settlement Class Member.  Notice shall be by way of a postcard and shall contain a claim ID and shall direct recipients to the Settlement Website. Prior to mailing the Notice, the Settlement Administrator shall search for updated addresses via the USPS national change of address database. The Settlement Administrator shall re-mail once any Notice returned as undeliverable and for which an alternative address can be located, and undertake reasonable means to locate alternative addresses for returned notices.

> B. ***Website Notice***.  The Settlement Administrator will establish and maintain a Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Motion and Order, and the operative Complaint, the Motion for an award of Attorneys' Fees and Expenses. These documents shall be available on the Settlement Website promptly following entry of the Preliminary Approval Order and remain until after the stale date of the Settlement Awards. The Settlement Website shall allow Settlement Class Members to update their contact information. The Settlement Administrator shall secure the URL BIUSAbiometricsettlement.com for the Settlement Website, or, if unavailable, shall secure another URL mutually agreed upon by the Parties or determined by the Court.  The URL selected shall not include Brandt's name.

## VIII.   CAFA NOTICE

1.  Pursuant to 28 U.S.C. §1715(b), Defendant shall provide CAFA Notice to the appropriate governmental authorities no later than the end of the ten (10) day period provided by CAFA. Unless otherwise ordered, this Settlement shall be deemed "filed" pursuant to 28 U.S.C. §1715(b) upon entry of the Preliminary Approval Order.  Plaintiff shall request that the Court schedule the Final Approval Hearing no sooner than one hundred (100) days after the entry of the Preliminary Approval Order.

## IX.   OPT-OUT PROCESS

1.  A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Settlement Administrator at the address designated in the Notice no later than the Claim Filing/Objection Deadline. Opt-Out Requests must: (i) be timely submitted by the Claim Filing/Objection Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the settlement in the Sherman v. Brandt Industries USA

8

LTD action, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

2.      The Settlement Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties upon written request.

## X.      OBJECTION PROCESS

1.      A Settlement Class Member who wishes to object to any matter concerning the Settlement must notify the Court and the parties' counsel of his or her objection, in writing, on or before the Claim Filing/Objection Deadline, or other deadline set by the Court.

2.      To state a valid objection to the Settlement, an objecting Settlement Class Member must personally sign the objection and provide the following information with it:  (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position.

3.      Subject to approval of the Court, an objecting Settlement Class Member may, but does not need to, appear in person or by counsel at the Final Approval Hearing. To do so, the objecting Settlement Class Member must file with the Court, and serve on all counsel designated in the Notice, a notice of intention to appear by the Claim Filing/Objection Deadline, or other deadline set by the Court. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely provide a notice of intention to appear in conformance with the requirements set out in the Notice and Website Notice, and who has not timely filed an objection in accordance with the requirements set out in the Notice and Website Notice, will be deemed to have waived any objection to the Settlement and can be barred from presenting any views at the Final Approval Hearing.

## XI.      DISTRIBUTION PROCESS

1.      The timing of Defendant's payment of the Settlement Funds is:

A.  Within 7 days after the Court enters the Preliminary Approval Order, Defendant shall transfer $10,000.00 of the Settlement Fund to the Settlement Administrator as the advanced Notice and Administration Costs. In the event that the Settlement Effective Date does not occur, any amounts actually used by the Settlement Administrator for notice and administration shall not be refundable to Defendant. If, however, Defendant has paid monies for Notice and Administration Costs which have not been used by the Settlement Administrator, those amounts not used by the Settlement Administrator shall be refunded to Defendant.

122906

B.  Within 7 days after the Settlement Effective Date, Defendant shall pay the remainder of the Settlement Funds to the Settlement Administrator. Class Counsel shall instruct the Settlement Administrator as to whom the Attorneys' Fees and Litigation Expenses and any Settlement Class Representative Incentive Payment should be distributed. Defendant shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Funds in connection with the Settlement.

2.    ***Settlement Award Payments.***  Settlement Awards shall be paid by check. Within thirty (30) days after the Settlement Effective Date, the Settlement Administrator shall send the Settlement Award along with an applicable 1099 to each eligible Settlement Class Member. The Settlement Administrator shall undertake reasonable means to locate current addresses for all returned checks. Checks will be valid for one-hundred twenty (120) days from the date on the check. The amounts of any checks that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of a Subsequent Distribution (as defined below).

3.    **Cy pres *Distribution*.**  If, after the expiration date of the checks distributed pursuant to Section XI.2 above, there remains money in the Settlement Fund, and if any checks remain uncashed after the stale date, those funds shall be distributed to a *cy pres* recipient to be chosen by in the following fashion. The Parties shall each prepare a brief statement identifying their preferred *cy pres* recipient, to be filed with the Court on the deadline to submit the preliminary approval paperwork. The Court shall then designate the *cy pres* recipient for any remaining amounts in the Settlement Fund.

## XII.   RELEASE

1.    Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Settlement Class Members who do not timely opt-out of the Settlement Agreement, and all their respective heirs, assigns, executors, administrators, and agents, past or present, fully and without limitation release and discharge each and every Released Party from any and all claims, rights, demands, liabilities, and/or causes of action of every nature and description, whether known or unknown, which relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq., or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the use, collection, capture, receipt, maintenance, storage, transmission, or disclosure of biometric identifiers that allegedly occurred at Brandt Industries USA Ltd.'s Illinois facility, which Settlement Class Members claim, might claim, or could have claimed in any court or administrative proceeding. This Release includes, without limitation, statutory, constitutional, contractual, and/or common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs and interest, restitution, or equitable relief to the extent permitted by applicable law for all periods up to and including the date of Final Approval (the "Released Claims").

2.    Releasing Settlement Class Members understand and agree that the release of the Released Claims is a full and final release. Releasing Settlement Class Members acknowledge the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all Released Claims.

3.      Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, as discussed above, Plaintiff releases and discharges each and every Released Party from any and all claims, rights, demands, liabilities, and/or causes of action of every nature and description, whether known or unknown arising for all periods through the date of the Court's Final Approval Order.

        (i)     Notwithstanding any other provision of this Settlement Agreement, this release does not (i) waive or release any claim for breach or enforcement of this Settlement Agreement; (ii) waive or release any right or claim that may not be waived or released by applicable law; or (iii) prevent Plaintiff Sherman from pursuing any administrative claim for unemployment compensation or workers' compensation benefits.   Nothing in this Settlement Agreement precludes Plaintiff Sherman from (i) providing information about this Settlement Agreement to his spouse, attorney, accountant, tax advisor (if any) and applicable state and federal taxing authorities; (ii) making disclosures or giving truthful testimony as required by law or valid legal process (such as by a subpoena or administrative order); or (iii) engaging in any concerted or other legally-protected activities.

4.      The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

5.      The Final Approval Order shall dismiss the Action with prejudice and shall incorporate the terms of this release.

## XIII.   DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY APPROVAL

1.      Class Counsel shall apply to the Court for the entry of an order requesting the following relief:

        A.  Preliminarily approving the Settlement;

        B.   Conditionally certifying the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

        C.  Approving the form and content the proposed Notice, and plan for its distribution;

        D. Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate; no sooner than one hundred (100) days following the entry of the Preliminary Approval Order;

        E.  Formally appointing Class Counsel as class counsel;

        F.  Approving Plaintiff as Settlement Class Representative;

        G. Approving the Settlement Administrator; and

        H.  Setting the Notice Deadline, Objection Deadline, and Opt Out Period.

122906

### XIV.   DUTIES OF PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

1.      Following Preliminary Approval of the Settlement, and no later than the filing of the motion for final approval, Class Counsel will submit a proposed Final Approval Order to the Court.

### XV.  MUTUAL FULL COOPERATION

1.      The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may be needed to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement. As soon as practicable after Execution of this Settlement, Class Counsel shall, with the reasonable assistance and cooperation of Defendant and its counsel, take all reasonable and necessary steps to secure the Court's Final Approval Order.

### XVI.   CONDITIONS FOR TERMINATING THE AGREEMENT

1.      In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement. However, the parties may agree to seek approval of an amended version of the Settlement.

2.      In the event that the Court does not approve the Attorneys' Fees and Litigation Expenses in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Litigation Expenses requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Litigation Expenses.

3.      In the event that more than 5% of the persons in the Settlement Class validly and timely submit Opt-Out Requests, Defendant, in its sole and absolute discretion, may terminate this Agreement.

### XVII.  SIGNATORIES' AUTHORITY

1.      The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

### XVIII. NO PRIOR ASSIGNMENTS

1.      The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XIX.   NOTICES

1.      Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given: (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

     A. To the Class:

          Keith J. Keogh
          Greg M. Barbakoff
          Keogh Law, LTD.
          55 W. Monroe St., Ste. 3390
          Chicago, IL 60603
          keith@keoghlaw.com
          gbarbakoff@keoghlaw.com

     B. To Defendant

          Keith Braskich
          David Lubben
          DAVIS & CAMPBELL L.L.C.
          401 Main Street, Suite 1600
          Peoria, IL 61602
          kjbraskich@dcamplaw.com
          dglubben@dcamplaw.com

## XX.   MISCELLANEOUS PROVISIONS

1.      *Construction*.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting it.

2.      *Captions and Interpretations*. Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

3.      *Modification*.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties. Any such modification is subject to Court approval.

4.      *Integration Clause*.  This Agreement, the exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the

122906

resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

5.      ***Binding on Assigns***.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6.      ***Counterparts***.  This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

7.      ***Disagreements***.  The Parties agree the Court shall resolve any disagreements over the meaning or implementation of this Agreement or the Settlement.

8.      ***Applicable Law***.  This Agreement shall be governed by Illinois law without regard to its choice of law or conflicts of law principles or provisions.

## REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK

122906

ACCEPTED AND AGREED:

_____          02/02/2022
Joseph Sherman                              _____
                                            Date


APPROVED AS TO FORM:

_____          02/02/2022
Counsel for Plaintiff and the Class         _____
Keith J. Keogh                              Date
KEOGH LAW, LTD.

122906

ACCEPTED AND AGREED:

_____                    Feb 2, 2022
                                                   _____
Brandt Industries USA LTD              Date
By: Chris Semple
Title: President

APPROVED AS TO FORM:

_____                    Feb. 3, 2022
                                                   _____
Counsel for Defendant                  Date
Keith J Braskich
DAVIS & CAMPBELL L.L.C

16

122906

# EXHIBIT 1

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

*Sherman v. Brandt Industries USA Ltd.*
**USDC, Central District of Illinois, Peoria Division Case No. 2020-cv-1185.**

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging Brandt Industries USA Ltd. ("Brandt") violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.,* by failing to: (1) obtain its employees' informed written consent before collecting, capturing, or otherwise obtaining their biometric data in connection with Brandt's timekeeping system; and (2) implement and adhere to a written policy for permanently destroying Brandt's employees' biometric data. Brandt denies these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Brandt's defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have had their biometric data collected, captured, or otherwise obtained by Brandt. |
| **What does the Settlement provide?** | Brandt agreed to pay up to $250,000.00 in Settlement Funds, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and expenses incurred by counsel for Plaintiff and the Settlement Class ("Class |

124384

| | |
|---|---|
| | Counsel"), and any service award for Plaintiff Joseph Sherman permitted by law. Class Counsel estimates that Settlement Class members will receive a cash award of between $\_\_\_\_ to $\_\_\_\_. Plaintiff will petition for a service award not to exceed $\_\_\_\_\_ for Plaintiff Sherman's work in representing the Class and Class Counsel's fees up to thirty-six percent of the settlement fund, not to exceed $_____, plus reasonable expenses. |
| **How can I receive a payment from the Settlement?** | There is nothing you need to do to obtain a payment from the Settlement. Your portion of the settlement funds will be sent to your last known address, along with a 1099 form. |
| **Do I have to be included in the Settlement?** | If you do not want monetary compensation from this Settlement and you want to keep the right to sue, or continue to sue Brandt on your own, then you must exclude yourself from the Settlement by sending a letter to the address below requesting exclusion to the Settlement Administrator by _____, 2022. The letter must contain the specific information set forth on the Settlement Website "Opt-Out Process." |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you do not exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court by _____, 2022, and mail a copy to both Class Counsel and defense counsel. Your written objection must contain the specific information set forth on the Settlement Website. |

| What if I do nothing? | If you do nothing, your settlement payment will be issued to your last known address. You will be bound by the Settlement, and you will release Brandt from liability. |
|---|---|
| How do I get more information about the Settlement? | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.BIUSAbiometricsettlement.com Settlement.com. |

Brandt Industries USA Ltd. BIPA SETTLEMENT
[INSERT CLAIMS ADMIN]
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| JOSEPH SHERMAN, individually and on behalf of himself all others similarly situated, | ) ) ) | Case No. 20-cv-1185 |
| *Plaintiff,* | ) ) ) | Hon. Michael M. Mihm |
| v. | ) ) | Judge Presiding |
| BRANDT INDUSTRIES USA LTD., | ) ) ) | Hon. Jonathan E. Hawley |
| *Defendant.* | ) ) | Magistrate Judge |

## [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by plaintiff Joseph Sherman ("Sherman" or "Plaintiff"), individually and on behalf of all others similarly situated, against defendant Defendant Brandt Industries USA, Ltd. ("Brandt"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      <u>Jurisdiction</u>. The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

3.      <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's

- 1 -

124390

length between experienced attorneys familiar with the legal and factual issues of this case; and (c) the proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4.  <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, certifies the following Settlement Class:

> All individuals employed by Defendant Brandt Industries USA LTD and any other related entities in the State of Illinois and/or assigned to work at the Illinois facility of Brandt Industries USA Ltd. by temporary staffing agencies, who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., from May 11, 2015 through the date of preliminary approval.

> The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

5.  In connection with granting class certification, the Court makes the following preliminary findings:

(a)  The Settlement Class includes 240 members, and thus the class is so numerous joinder of all members is impracticable;

(b)  There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, including, but not limited to, Brandt captured, collected, and/or obtained the Settlement Class Members' biometric information *via* Brandt's timekeeping system, and these questions appear to predominate over any alleged individual questions;

- 2 -

(c)      Plaintiff's claims appear to be typical of the claims of the Settlement Class because he alleges Brandt collected, captured, and/or obtained her biometric information without first obtaining informed written consent, and failed to implement and adhere to a publicly-available policy governing the retention and destruction of biometric data;

(d)      Plaintiff and her counsel are adequate to represent the class. Plaintiff appears to have the same interests as the Settlement Class, he does not have any apparent conflict of interest with the Settlement Class, and his attorneys have extensive experience litigating class action cases, including class actions under BIPA; and

(e)      Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class.

6.      <u>Class Representative</u>. The Court appoints Joseph Sherman as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      <u>Class Counsel</u>.  The Court appoints Keith J. Keogh and Gregg M. Barbakoff as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.      <u>Settlement Claims Administrator</u>. American Legal Claim Services, LLC. is hereby appointed as the Claims Administrator. The Claims Administrator shall be responsible for providing notice of the Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

9.      <u>Class Notice</u>. The Class Administrator shall provide Notice via First Class Mail in accordance with the Agreement.

10.      <u>Opt-Outs and Objections</u>.  Persons in the Settlement Class who wish to object to the Settlement or request exclusion from the Settlement Class, must do so in accordance with the Notice. A class member who opts out may not also submit an objection, unless the class

- 3 -

member confirms their intent to withdraw their opt-out in writing by no later than the opt-out deadline.

11.    <u>Claims Administrator to Maintain Records</u>. The Claims Administrator shall maintain copies of all objections, and opt-outs received. The Claims Administrator shall provide copies of all objections and opt-outs to the parties.

12.    <u>Objections to the Settlement</u>.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection in accordance with the Notice, Agreement, and this Order. To be considered, the objection: (A) must be personally signed by the objecting class member, (B) it must include (i) the class member's full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position, and (C) it must be filed with the Court and sent to Plaintiff's and Defendant's counsel as stated in the Notice, by no later than the Opt-Out and Objection deadline stated below. Objections that are untimely or do not include the required information above shall be deemed waived.

13.    <u>Appearing at Final Approval Hearing</u>. An objecting Settlement Class Member does not need to appear in at the Final Approval Hearing, but may do so by filing a notice of intention to appear in accordance with the Notice, Agreement, and this Order no later than the Opt-Out and Objection deadline below.

14.    <u>Reasonable Procedures to Effectuate the Settlement</u>. Unless otherwise ordered by the Court, the parties are authorized to use all reasonable procedures in connection with

- 4 -

approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

15.     <u>Final Approval Hearing</u>.  At the date and time provided below, or at such other date and time later the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiff, should be granted, and in what amounts. Courtroom B, United States Courthouse, 100 N.E. Monroe Street, Peoria, Illinois 61602, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

16.     For the purposes of giving the notice required by 28 U.S.C. §1715(b) ("CAFA"), the Settlement is deemed filed as of the date of this order.

17.     Plaintiff shall file his motion in support of Class Counsel's application for attorneys' fees and expenses, and any service award, no later than the Notice Deadline below.

18.     Plaintiff shall file his: (a) motion in support of final approval of the Settlement; (b) response to any objections to the Settlement, no later than the date stated for the same in the Schedule of Events below.

19.     Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the other Settlement Class Members, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Settlement Class Members in the Action. As of the Settlement Effective Date, the Settlement Agreement and the above-

124390

described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement, and the Released Parties may file the Settlement Agreement and/or Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.    <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| | |
|---|---|
| **_____, 2022**<br><br>[14 days after the date of this Order] | Deadline for the Claims Administrator to send notice to the Settlement Class in accordance with the Agreement and this Order (Notice Deadline) |
| **_____, 2022**<br><br>[Same as Notice Deadline] | Deadline for Plaintiff to file his Motion for Attorneys' Fees and Expenses, and any Incentive Award |
| **_____, 2022**<br><br>[60 days after Notice Deadline] | Deadline for any member of the Settlement Class to request exclusion from the Settlement or object to the Settlement in accordance with the Notice and this Order (Opt-Out and Objection Deadline) |
| **_____, 2022**<br><br>[21 days after the Opt-Out, Objection, and Claim Deadline] | Deadline for Plaintiff to file:<br><br>(1) Motion and memorandum in support of final approval, including proof of class notice; and<br>(2) Response to any objections. |
| **_____, 2022 at _____ _.m.** | Final Approval Hearing |

124390

| | |
|---|---|
| [No sooner than 116 days from the date of this Order, at te Court's Convenience] | |

IT IS SO ORDERED.

Dated:_____      _____
                                       Hon. Michael M. Mihm
                                       United States District Judge

124390

# EXHIBIT 3

### *Sherman v. Brandt Industries USA Ltd.*
### USDC, Central District of Illinois, Peoria Division
### Case No. 2020-cv-1185.

**If you were employed by Defendant Brandt Industries USA Ltd. ("Brandt") at its Illinois location after May 11, 2015 and were required by Brandt to scan your finger for timekeeping purposes, you may be entitled to benefits under a class action lawsuit.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide $250,000.00 (the "Settlement Funds") to fully settle and release claims of the following individuals:**

  All individuals employed by Defendant Brandt Industries USA LTD and any other related entities in the State of Illinois and/or assigned to work at the Illinois facility of Brandt Industries USA Ltd. by temporary staffing agencies, who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., from May 11, 2015 through the date of preliminary approval.

  The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

- **Brandt denies Plaintiff's allegations and deny any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Brandt's defenses. By entering into the settlement, Brandt has not conceded the truth or validity of any of the claims against it.**

- **The Settlement Funds shall be used to pay amounts related to the settlement, including awards to Settlement Class ("Settlement Award Checks"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administration of the settlement. Class Counsel estimates that Settlement Class members will receive between $____ and $____ ("Settlement Award Checks"). Any monies remaining in the Settlement Fund after the Initial Settlement Award Checks are distributed and the expiration date has passed shall be distributed to the *cy pres* recipient designated by the Court.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

124383

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Brandt or other released parties related to a released claim. The deadline for excluding yourself is _____, 2022. |
| OBJECT TO THE SETTLEMENT | If you wish to object to the settlement, you must write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is _____, 2022. |
| DO NOTHING | If you do nothing, you will still receive a payment from settlement and give up your rights to sue Brandt or any other released parties related to a released claim. |
| GO TO THE FINAL APPROVAL HEARING | You may attend the Final Approval Hearing. At the Final Approval Hearing you may ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document which includes your name, address, telephone number and your signature with the Court, which must also state your intention to appear at the Final Approval Hearing. This must be filed no later than _____, 2022. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments (*i.e.,* Settlement Award Checks) will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

124383

## BASIC INFORMATION

| 1.  What is the purpose of this Notice? |
|---|

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Sherman v. Brandt Industries USA Ltd.* filed in the USDC, Central District of Illinois, Peoria Division, Case No. 2020-cv-1185. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

| 2.  What does it mean if I received a postcard about this settlement? |
|---|

If you received a postcard describing this settlement, it is because Brandt's records indicate that you may be a member of the Settlement Class**.** The members of the Settlement Class include:

> All individuals employed by Defendant Brandt Industries USA LTD and any other related entities in the State of Illinois and/or assigned to work at the Illinois facility of Brandt Industries USA Ltd. by temporary staffing agencies, who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, from May 11, 2015 through the date of preliminary approval.

Excluded from the Settlement Class are: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

| 3.  What is this class action lawsuit about? |
|---|

In a class action, one or more people called Class Representatives (here, Plaintiff Joseph Sherman) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims Brandt violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.,* by failing to: (1) obtain its employees' informed written consent before collecting, capturing, or otherwise obtaining their biometric data in connection with Brandt's timekeeping system; and (2) implement and adhere to a written policy for permanently destroying Brandt's employees' biometric data. Brandt denies these allegations and any wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Michael M. Mihm is presiding over this action.

| 4.  Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiff or Brandt. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

124383

## WHO IS IN THE SETTLEMENT CLASS?

**5.  How do I know if I am a part of the settlement class?**

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> All individuals employed by Defendant Brandt Industries USA LTD and any other related entities in the State of Illinois and/or assigned to work at the Illinois facility of Brandt Industries USA Ltd. by temporary staffing agencies, who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, from May 11, 2015 through the date of preliminary approval.

A "Settlement Class Member" is any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.BIUSAbiometricsettlement.com, you may write to the claims administrator at Brandt Industries USA LTD BIPA Settlement, c/o _____.

## THE LAWYERS REPRESENTING YOU

**6.  Do I have lawyers in this case?**

The Court has appointed the law firms of Keogh Law, Ltd., as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7.  How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Fund, or $_____ for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $_____ to Plaintiff for his services as Class Representative if permitted by law. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.  What does the settlement provide?**

**Settlement Fund**. Brandt will pay $250,000.00 into a fund (the "Settlement Funds"), which will cover:  (1) cash payments to Settlement Class Members; (2) an award of attorneys' fees and expenses to Class Counsel in an amount up to thirty-six percent (36%) of the settlement fund, plus expenses, as approved by the Court; (3) service award to the Plaintiff, Joseph Sherman, in an amount not to exceed $_____, if permitted by law and approved by the Court; and (4) the costs of notice and administration of the Settlement.

**Cash Payments**.  All Settlement Class Members will receive a cash payment, so long as their last known address can be determined. Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members ("Claimants"), attorneys' fees and costs to Class Counsel, any service award to Plaintiff, and the costs of notice and administration of  the settlement will be distributed to a *cy pres* recipient designated by the Court.

## 9.  How much will my payment be?

Class Counsel estimates your share of the Settlement Fund will be within the range of $_____ to $_____.  **This is an estimate only. The final cash payment amount will depend on the costs of notice and administration, as well as the reasonable costs, attorney's fees, and incentive award approved by the Court.**

## 10.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Brandt or other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the Settlement, you will agree to release Brandt and all other Released Parties, as defined in the Settlement Agreement, from any and all claims that arise from your use of any software, systems, or devices that scan your finger, hand, or any biometric identifier of any type.

In summary, the Release includes all claims of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in Plaintiff's Amended Class Action Complaint, including, but not limited to, claims arising under BIPA or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the use, collection, capture, receipt, maintenance, storage, transmission, or disclosure of biometric identifiers and/or biometric information.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

## 11.  How can I get a payment?

There is nothing you need to do to obtain a payment from the Settlement. Your portion of the settlement funds will be sent to your last known address, along with a 1099 form.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

## 12.  When would I receive a settlement payment?

The Court will hold a hearing on _____, 2022 to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals. It is always

124383

uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who declines to exclude themselves will be informed of the progress of the settlement through information posted on the Settlement Website at www.BIUSAbiometricsettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the settlement?**

If you want to keep the right to sue, or continue to sue Brandt or a Released Party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the Claim Filing/Objection Deadline. Opt-Out Requests must: (i) be timely submitted by the Claim Filing/Objection Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the Brandt BIPA Settlement, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____, 2022 to the claims administrator at Brandt BIPA Settlement, c/o _____.**

**14.  If I do not exclude myself, can I sue Brandt for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Brandt or any Released Parties for the claims that this settlement resolves.

124383

**15.  If I exclude myself, can I get a benefit from this settlement?**

No. If you exclude yourself, you will not receive a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement, or the award of any attorneys' fees and expenses, and/or any proposed service award.

To object, you must make your objection in writing, stating that you object to the Settlement. To be considered by the Court, the written objection must personally sign the objection and provide the following information with it: (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than _____, 2022.**

For Plaintiff:

Keith J. Keogh
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 Monroe St., 3390
Chicago, IL 60603

For Defendants:

Keith Braskich
David Lubben
DAVIS & CAMPBELL L.L.C.
401 Main Street, Suite 1600
Peoria, IL 61602

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you will still receive a payment from settlement and give up your rights to sue Brandt or any other released parties related to a released claim. For information relating to what rights you are giving up, see Question 9.

## THE FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at ____:00 a.m. on _____, 2022 in Courtroom B, United States Courthouse, 100 N.E. Monroe Street, Peoria, Illinois 61602. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**20.  Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 15 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than _____, 2022. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.BIUSAbiometricsettlement.com, or you can write to the address below. You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, BRANDT, OR BRANDT'S COUNSEL ABOUT THE SETTLEMENT.**

124383