## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JOSEPH SHERMAN, individually and on behalf of himself all others similarly situated, | )<br>)<br>) Case No. 20-cv-1185 |
| *Plaintiff,* | )<br>)<br>) Hon. Michael M. Mihm |
| v. | ) Judge Presiding<br>) |
| BRANDT INDUSTRIES USA LTD., | ) Hon. Jonathan E. Hawley<br>) Magistrate Judge |
| *Defendant.* | ) |

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court having held a final approval hearing on July 26, 2022, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving Settlement, (2) certifying the Settlement Class, (3) approving notice plan and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement dated February 3, 2022, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No. 78) are also incorporated by reference into this Final Approval Order.

2.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and personal jurisdiction over Brandt Industries USA, Ltd. ("Brandt") and the Settlement Class Members, certified in the Court's preliminary approval order, who did not timely request exclusion.

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Brandt.

4.      The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

5.      There were no objections to the Agreement.

6.      The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class in accordance with Federal Rule 23.

7.      The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23.

8.      The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds shall be designated as *cy pres* to the Electonic Privacy Information Center pursuant to Paragraph XI.3 of the Agreement.

9.      As of the Effective Date, the Plaintiff and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement.

10.     This Final Approval Order will settle and resolve with finality on behalf of the Plaintiff and the Settlement Class, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Settlement Class Members in the Action. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings

maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.    Class Counsel has moved, pursuant to FED. R. CIV. P. 23(h) and 52(a), for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)    The Settlement confers substantial benefits on the members of the Settlement Class;

(b)    The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class will receive cash payments that represent a significant portion of the damages available to them were they to prevail in an individual action under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA");

(c)    Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)    The Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     The Settlement was reached following extensive negotiations between Class Counsel and Counsel for Brandt, and was negotiated in good-faith and without collusion;

(f)     Members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees equal to thirty-six percent (36%) of the Settlement Funds in the amount of $86,400.00 plus expenses, to be paid from the Settlement Funds;

(g)     A copy of Plaintiff's motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's file and on the settlement website during the period class members had to submit any objections;

(h)     No member(s) of the Settlement Class submitted written objection(s) to the award of attorneys' fees and expenses; and

(i)     Counsel who recover a common fund for the benefit for persons other than themselves for their client are entitled to a reasonable attorneys' fee from the fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Sutton v. Bernard, 5*04 F.3d 688, 691 (7th Cir. 2007) ("the attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit").; and accordingly, Class Counsel are hereby awarded $86,400.00 for attorney fees and $614.90 for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and

reasonable, and which amount shall be paid to Class Counsel from the Settlement

Fund in accordance with the terms of the Agreement.

12.     The Class Representative, Joseph Sherman, is hereby compensated in the amount

of $5,000.00 for his efforts in this case. *See*, *e.g.*, *See Cook v. Niedert*, 142 F.3d 1004,

1016 (7th Cir. 1998) (recognizing that "because a named plaintiff is an essential ingredient

of any class action, an incentive award is appropriate if it is necessary to induce an

individual to participate in the suit"); *In re Synthroid Mkt. Litig.* ("*Synthroid I*"), 264 F.3d

722, (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to

become named representatives."); *see also Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185, 205

(N.D. Ill. 2018) (awarding $10,000 incentive award to named plaintiff); *Briggs v. PNC Financial

Services Group*, No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *5 (N.D. Ill.

Nov. 29, 2016) ($12,500 incentive award for each named plaintiff); *Castillo v. Noodles & Co*.,

No. 16-cv-03036, 2016 U.S. Dist. LEXIS 178977, at *8 (N.D. Ill. Dec. 23, 2016) (authorizing

$10,000 incentive award for each named plaintiff).

13.     This Court hereby dismisses this case without prejudice. The dismissal shall

automatically convert to one with prejudice seven (7) days after Plaintiff files a declaration with

the Court from the Settlement Administrator confirming Brandt has fully funded the Settlement

Fund.

14.     While this matter is dismissed without prejudice, the Court retains jurisdiction solely

with respect to the interpretation, implementation, and enforcement of the terms of the Parties'

Settlement Agreement.

**IT IS SO ORDERED,
ADJUDGED AND DECREED.**

Dated:  July 26, 2022                          s/ Michael M. Mihm
                                                                Honorable Michael M. Mihm